Joshua D. Wilson (*Pro Hac Vice*)
jdwilson@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Respondent SPOKEN GIANTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANDORA MEDIA, LLC, a limited liability company,<br><br>                Petitioner,<br>vs.<br>SPOKEN GIANTS, LLC, a limited liability company,<br><br>                Respondent. | Case No.: Case No.: 2:23-mc-00149-MCS-MAR<br><br>**DECLARATION OF JOSHUA D. WILSON IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS IN RESPONDING TO PANDORA MEDIA, LLC'S NON-PARTY SUBPOENA** |

-1-
DECLARATION OF JOSHUA D. WILSON

# DECLARATION OF JOSHUA D. WILSON

I, Joshua D. Wilson, declare as follows:

1. I am an attorney in the law firm of Gordon Rees Scully Mansukhani, LLP ("Gordon Rees").

2. I have personal knowledge of the facts set forth herein. If called upon to testify, I could and would competently testify to the same.

3. I and Gordon Rees represent Spoken Giants Media, LLC ("Spoken Giants") in this action.

4. This declaration is provided describing the facts concerning the Subpoena *duces tecum* served on Spoken Giants in In re Pandora Media, LLC Copyright Litigation, Master File No. 2:22-cv-00809-MCS-MAR (C.D. Cal. Filed February 7, 2022)(the "Consolidated Litigation" or "Underlying Litigation") and to provide further context as to why the costs and attorneys' fees incurred in responding to the Subpoena *duces tecum* ("Subpoena") and the Deposition Subpoena (collectively, the "Subpoenas") are significant to Spoken Giants.

5. I have been working with and representing Spoken Giants with respect to Pandora Media's Subpoena ("Subpoena") that was sent to Spoken Giants in late October 2023.

6. Spoken Giants former counsel had previously objected to Pandora's Subpoena as being overly broad and unduly burdensome to Spoken Giants as a non-party in the litigation.

7. On November 9, we filed Spoken Giants Memorandum in Opposition to Pandora's Motion to Compel. (ECF Dkt. # 31).

8. On December 6, 2023, Magistrate Judge Rocconi entered an Order Granting in Part and Denying in Part Pandora's Motion to Compel and ordered Spoken Giants to produce documents directly involving Plaintiff's in the Underlying Litigation and ordered Spoken Giants to produce responsive documents by December 27, 2023. (ECF Dkt. # 36).

9. On December 21, 2023, Pandora filed a Motion for Review of the Magistrate Judge's Order. (ECF Dkt. # 37).

10. On December 29, 2023, I filed a Memorandum in Opposition to Pandora's

-2-
DECLARATION OF JOSHUA D. WILSON

1. Motion for Review of the Magistrate Judge's Order. (ECF Dkt. # 38).

11. On Wednesday, December 27, 2023, I emailed Pandora's counsel to notify them that Spoken Giants was close to finalizing the document production in response to the Court's Order, however, due to Holiday schedules, it should be produced the following day. (*Exhibit 1*: Email to Counsel – 12/27/23). Pandora's Counsel did not object or raise any issue with one day delay of the document production.

12. The following day, on December 28, 2023, I emailed Pandora's Document Production in response to the Court's Order (ECF Dkt. #36). *Id*.

13. On January 5, 2023, Pandora's Counsel reached out to me to schedule a meet and confer concerning the production regarding the 2nd Subpoena issued by Pandora to Spoken Giants. (*Exhibit 2*: Email Chain – 1/5/24). In response, we scheduled a call for Thursday January 11, 2023.

14. On January 10, 2024, Pandora's counsel emailed me and sent two letters mainly discussing Pandora's **2nd Subpoena** to Spoken Giants. (**Exhibit 3**: Email Chain - 1/10/24). Neither of these letters discussed any deficiencies with Spoken Giants response to the 1st Subpoena that is the subject of the Court's Order.

15. I emailed Pandora's counsel that due to my litigation schedule, I was not able to address all of the issues raised in their correspondence and suggested that we move the meeting to the following Wednesday or Thursday. *Id*. Pandora's counsel insisted that we move forward with the call, so I went forward with the call. *Id*.

16. During our meet and confer on January 11, 2024, Pandora's counsel had several attorneys present (approximately 6 attorneys). During this call, Pandora's counsel for the first time raised an issue with alleged deficiencies regarding Spoken Giants document production from the 1st Subpoena. During our meeting, Pandora's counsel specifically identified two attachments that were inadvertently not included with Spoken Giants document production.

17. On January 12, 2024, one day later, I emailed Pandora's counsel copies of the two attachments that were inadvertently left off the original document production. (*Exhibit 4*: Email

-3-
DECLARATION OF JOSHUA D. WILSON

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor,**
**Los Angeles, CA 90071**

1  Chain – 1/12/24). I informed Pandora that I believed this cured any deficiencies raised by
2  Pandora. *Id*. If not, I asked them to "let me know [so] we could discuss further." *Id*.

3      18.    Also, during the meet and confer on January 11, 2024, Pandora's counsel claimed
4  for the first time that it wanted to hold Spoken Giants in contempt for not producing other
5  documents responsive to the 1st Subpoena. I specifically inquired into what documents Pandora
6  was referring to. Pandora replied that it had identified other documents they had received from
7  Plaintiffs that should have been produced, but Pandora's counsel refused to disclose those
8  documents to me. The only specific documents that Pandora's counsel identified were royalty
9  statements and a recorded copy of a Zoom Meeting held by Spoken Giants that Pandora's
10 counsel believed had been recorded.

11     19.    I specifically asked Pandora's counsel which one of Judge Roconni's modified
12 Requests for Production or Pandora's original Requests for Production they believed these
13 documents were responsive to. Pandora refused to identify what specific request the documents
14 would have been responsive to. That is because Pandora did not ask for royalty statements in
15 their original RFP and Judge Roconni's Order did not include royalty statements. Judge
16 Roconni's Order also specifically stated "Pandora is not entitled to this discovery on Spoken
17 Giants's financial information." (ECF Dkt. #36).

18     20.    I did not understand why Pandora would not send the documents it claimed it had
19 received from other sources to me so I could identify whether they were responsive to Judge
20 Roconni's Order and to determine why they were not included in the original production.
21 However, Pandora continued to refuse to identify the documents or send them to me.

22     21.    On January 11, 2024, I sent email correspondence to Pandora's Counsel asking
23 them "again [to] identify what documents you have received from other sources that you believe
24 are in Spoken Giants custody or control that correspond to Judge Rocconi's modified Request for
25 Production. I can assure you Spoken Giants has taken extraordinary efforts to comply with the
26 requests as written. If you think there are deficiencies, please identify them." (*Exhibit 5*: Email
27 Chain - 1/12/24). I also stated "It seems clear that you have already received documents you are

-4-
DECLARATION OF JOSHUA D. WILSON

looking for from other sources, but you refuse to even send us those documents or identify them or identify what RFP they are responsive to." *Id*. I informed Pandora's counsel "if you want to walk through Judge Rocconi's RFP one by one to discuss the production, we can do that. I am available next Wednesday to discuss." *Id*.

22. I also informed Pandora's counsel Spoken Giants would consider producing royalty statements in response to Pandora's more narrowly tailored 2nd Subpoena.

23. Also on January 11, 2024, I sent a letter to Pandora addressing these same issues. (*Exhibit 6*: Letter to Allison Aviki). Specifically, I stated "I am not aware of any other documents you believe were improperly withheld. I asked you to specifically identify the documents you claim were not properly produced. You claimed you had received documents from other sources that should have been produced by Spoken Giants, but you would not identify what documents you were referring to and would not agree to send me the documents. … I am again writing to state that if you believe specific documents were withheld that you identify what documents you are claiming were withheld and what specific Requests for Production you believe they were responsive to. We will review those requests and determine whether any documents exist." *Id*.

24. Despite my numerous communications and attempts to determine what documents were in Pandora's possession that may have been responsive, Pandora refused to send me those documents. Pandora refused to accept my offers to meet and confer on this issue to identify why the documents were not produced. I never received a copy of the documents until January 31, 2024, the day Pandora filed its Motion for Contempt.

25. Despite Pandora's refusal to meet and confer on this issue, Spoken Giants undertook additional efforts to ensure all documents had been produced. Spoken Giants did additional searches and produced additional documents on Monday January 29, 2024.

26. On January 19, 2024, I filed a Motion to attend the hearing on Pandora's Motion for Review of the Magistrate Judge's Order by telephone or virtually (ECF Dkt. # 40). However, the Motion was denied by the Court. (ECF Dkt. # 41).

-5-
DECLARATION OF JOSHUA D. WILSON

27. From January 21-23, 2024, I traveled to Los Angeles to attend the hearing on Pandora's Motion for Review of the Magistrate Judge's Order.

28. On January 29, 2024, Pandora filed its Motion for Contempt. (ECF Dkt. #48).

29. On Wednesday January 31, 2024, for the first time, Pandora sent over the documents it claimed should have been produced, including several emails and royalty statements.

30. I immediately undertook review of the documents and Spoken Giants production. I noticed that several of the documents were included in our intended January 29, 2024 Spoken Giants document production. I reviewed the production and discovered that documents bates labeled 000115 – 000192 had been inadvertently left out of the production. The bates numbers were included in the documents as labeled, but the actual documents were not included in the production. I immediately produced these documents to Pandora's counsel on January 31, 2024. These documents included some of the emails and royalty statements that Pandora now complains of.

31. I have continued to communicate with Pandora's counsel throughout this matter. However, when attempting to work out search terms related to the 2nd Subpoena, Pandora refused to even discuss an agreement related to search terms so these same issues would not arise again. Pandora's counsel told me "with regard to search terms, Pandora will not be guessing at which search terms will pull back responsive documents since the Requests are straightforward as written and your clients are better positioned to know what responsive documents exist and how to retrieve them". (*Exhibit 7*: Email Chain – 1/25/24).

32. On January 26, 2024, I again emailed Pandora's counsel telling them they had not "pointed out any documents you believe are missing or what specific RFP you think they are responsive to despite my many attempts to get you to state your position on that." (*Exhibit 8*: Email Chain – 1/26/24). I further stated that if Pandora thinks the documents are responsive to Judge Rocconi's Order "I ask you again to send me those documents. You have refused to do so

-6-
DECLARATION OF JOSHUA D. WILSON

with no explanation for why. I think you have a duty to try to work out discovery issues prior to involving the Court, but let me know if you disagree with that." *Id.*

33. On February 5, 2024, I filed a Memorandum in Opposition of Pandora's Motion for Order to Show Cause why Spoken Giants should not be held in Contempt. (ECF Dkt. # 55).

34. On February 7, 2024, Judge Scarsi denied Pandora's Motion for Review of the Magistrate Judge's Order. (ECF Dkt. # 58).

35. On February 14, 2024, Judge Rocconi denied Pandora's Motion for an Order to Show Cause why NonParty Spoken Giants, LLC should not be held in Contempt. (ECF Dkt. # 64).

36. Spoken Giants has incurred substantial litigation costs in defending Pandora's improperly brought antitrust claims against Spoken Giants, which have been dismissed twice by the District Court. However, Spoken Giants does not seek fees related to defending the litigation claims.

37. However, Spoken Giants has also incurred substantial litigation costs in reviewing and producing documents in response to Pandora's subpoena and in responding to Pandora's current Motion. The time and costs spent in responding to Pandora has placed a heavy burden on its business operations.

38. We produced a total of 379 pages of documents, many of which contained large excel files.

39. Additionally, on March 27, 2024, Spoken Giants was sent a 30(b)(6) deposition notice. The deposition notice listed thirty-five (35) topics that Spoken Giants was required to spend substantial time preparing for. Spoken Giants objected to specific topics in the 30(b)(6) Deposition Notice. (*Exhibit 10*: 30(b)(6) Responses and Objections). Spoken Giants also sent a letter requesting Pandora pay for the preparation and attendance of the deposition. *Id.* The deposition took place on April 23, 2024 and lasted from approximately 9:00 a.m. to 5:30 p.m.

-7-
DECLARATION OF JOSHUA D. WILSON

40. The following table establishes the work completed by hours and rates (with expenses) through April 2024, which totals $56,785.09 in attorneys' fees and $2,720.09 in expenses:

| Timekeeper Name | Experience | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Joshua D. Wilson | Partner | 92.3 | $375 | $34,612.50 |
| Wilson (travel) | Partner | 12 | $187.5 | $2,250.00 |
| John Cogger | Partner | 1.7 | $375 | $637.50 |
| Desiree Goff | Sr. Counsel | 25.5 | $300 | $7,650.00 |
| David Steine | Associate | 19.8 | $300 | $5,940.00 |
| Candina Davidson | Paralegal | 16.9 | $175 | $2,957.50 |
| Ginger Fox | Paralegal | .1 | $175 | $17.50 |
| *Expenses* | | | | *$2,720.09* |
| **TOTAL** | | | | **$56,785.09** |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor,
Los Angeles, CA 90071

41. The invoices and timesheets are included in the attached *Exhibit 9*. Some private banking related information was redacted from the invoices.

42. Gordon Rees Scully and Mansukhani has an office in Los Angeles located at 633 W. 5th St., 52nd Floor, Los Angeles, California 90071.

43. It is my understanding that rates charged in the greatly Los Angeles area range from approximately $512 for associates and $776 for partners.

44. The work can generally be broken down in six broad categories: (1) responding and objecting to the Subpoena, including responding to Motion to Compel; (2) preparation for and meet and confers with Pandora's Counsel and responding to communications and correspondence with Pandora's Counsel; (3) communications with Spoken Giants, including review and analysis of documents; (4) review and production of documents; (5) drafting and preparing the Motion for Cost Shifting; (6) preparing for and attending the Spoken Giants 30(b)(6) deposition

45. The work can be broken down into the following categories showing the work done under each category:

| *Invoice No.* | *Fees for responding and objecting to the Subpoena, including responding to Motion to Compel* | *Fees for preparation for and meet and confers with Pandora's Counsel and responding to communications and correspondence with Pandora's Counsel* | *Fees for communications with Spoken Giants, including review and analysis of documents* | *Fees for review and production of documents* | *Fees for drafting and preparing Motion for Cost Shifting and Exhibits* | *Fees for preparing for and attending Spoken Giants 30(b)(6) deposition.* |
|---|---|---|---|---|---|---|
| No. 21525176 | $4,837.50 | $750.00 | $1,237.50 | $1,072.00 | $0.00 | $0.00 |
| No. 21520162 | $7,687.50 | $1,177.50 | $112.50 | $3,335.00 | $0.00 | $0.00 |
| No. 21476690 | $7,927.50 | $0.00 | $750.00 | $0.00 | $0.00 | $0.00 |
| No. 21496807 | $5,740.00 | $0.00 | $412.50 | $1,850.00 | $0.00 | $0.00 |
| No. 21550452 | $787.50 | $262.50 | $975.00 | $1,920.00 | $0.00 | $0.00 |
| No. 21568645 | $0.00 | $487.50 | $337.50 | $0.00 | $5,797.50 | $6,570.00 |
| **TOTALS** | **$26,980.00** | **$2,677.50** | **$3,825.00** | **$8,177.00** | **$5,797.00** | **$6,570.00** |

-9-
DECLARATION OF JOSHUA D. WILSON

46. The invoices contain notations indicated which category each of the individual time entries belong in. (*Ex. 9*).

47. Pursuant to online data, including Pandora's SEC filings, Pandora, a subsidiary of Sirius XM, reported revenue of $9.0 billion and net income of $1.21 billion with adjusted EBITDA of $2.83 billion. (*Exhibit 11*: Pandora Public SEC Filings).

48. Additionally, as of December 31, 2021, Pandora employed approximately 5,590 employees. (*Exhibit 12*: Pandora 10K Filing).

49. It is my understanding that Spoken Giants is a small company that does not have the resources to pay the attorneys' fees it has incurred in responding to the Subpoenas issued by Pandora. In fact, the legal fees incurred by Spoken Giants in responding to the Subpoenas are approximately five (5) times the amounts typically spent by Spoken Giants in a given year and is almost one-half of Spoken Giants entire revenue for 2023.

50. In 2021, Spoken Giants had revenue of $216,535 and net losses of ($80,541).

51. In 2022, Spoken Giants had revenue of $161,106 and net losses of ($75,384).

52. In 2023, Spoken Giants had revenue of $126,748 and net losses of ($4,411).

53. Spoken Giants business has decreased substantially since the inception of this litigation and Pandora pulling down comedians' material.

54. Spoken Giants has a total of 2 full time employees.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on May  8th  , 2024.

/s/ Joshua D. Wilson
Joshua D. Wilson

-10-
DECLARATION OF JOSHUA D. WILSON